IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LEONARD DESPENZA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | No. 13 C 2357 |
| v. | ) | |
| | ) | Judge John A. Nordberg |
| SHERIFF OF COOK COUNTY and | ) | |
| COOK COUNTY, IL., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Leonard Despenza alleges in his amended complaint that he has pancreatic cancer, is missing his right leg, and is wheelchair bound. (Am. Cmplt. ¶ 5.) On August 5, 2012, he became a pretrial detainee at Cook County Jail. (*Id.*) During processing at the Jail, Cook County medical personnel concluded that plaintiff needed to be put in a housing unit compliant with the Americans with Disabilities Act ("ADA"). (¶ 6.) However, in accordance with the official policies of defendant Thomas Dart, the Sheriff of Cook County, a correctional officer concluded that plaintiff would not be assigned to an ADA-compliant housing unit but would instead be assigned to one that did not have a handicap-accessible toilet, shower, or sink. Plaintiff incurred injuries as a result. (¶ 13.) Plaintiff is asserting claims under the ADA, the Rehabilitation Act, and 42 U.S.C. § 1983. He has asserted a claim against defendant Dart both in his official and individual capacities.

Plaintiff alleges Dart was involved in plaintiff's deprivation based on the fact that Dart, in 2011, adopted a revised policy for wheelchair bound detainees, a revision prompted by a case known as *Phipps v. Sheriff of Cook County*, 07-cv-3889. Plaintiff alleges that Dart failed to implement the revised policy. Plaintiff further alleges that Dart was intimately involved in running the Jail. Among other facts, plaintiff asserts that shortly after taking office, Dart established his main office at the Jail, that he promptly instituted changes at the Jail such as installing new technologies like body scanning machines, that he applies a "hands on" management style with weekly "accountability meetings," that he formed a "Weapons Free Committee" to collect inmate-made shanks and weapons, that he established a committee of former U.S. Attorneys and other legal experts to evaluate operations, that he hired a consultant to train correctional officers on how to deal with mental health issues, and that he was personally involved in the operation of a 13,000 square foot garden that is located on the grounds of Cook County Jail and that is used to train detainees in urban farming. (¶ 14.)

Now before the Court is Dart's motion to dismiss only the individual capacity claim under § 1983. This motion is brought only against the individual capacity claim and not against the claim

-1-

against Dart in his official capacity as Sheriff of Cook County. Thus, whether or not we grant the current motion to dismiss, this lawsuit will go forward either way with discovery.

Dart argues that the above allegations fail to plausibly suggest he could have had personal knowledge of or personal involvement in plaintiff's alleged deprivation. (Dart Mot. at 3.) He notes that personal involvement goes beyond mere policy making. *Id.* at 4 (*citing Palmer v. Marion County*, 327 F.3d 588, 593-94 (7th Cir. 2003)).

Plaintiff in his response brief does not disagree with Dart's summary of the legal standard, but argues that the allegations are sufficient to suggest personal involvement. Plaintiff asserts that Dart was personally involved in the formulation and implementation of policies involving wheelchair detainees and that he failed to implement such policies. Plaintiff emphasizes that we are currently only at the motion to dismiss stage and that Dart may later file a summary judgment motion.

Although the above allegations about Dart's alleged involvement are fairly general, we find that they are enough to survive a motion to dismiss. In *Crockwell v. Dart*, 2013 WL 6796788 (N.D. Ill. Dec. 23, 2013), Judge Dow considered a motion to dismiss an individual capacity claim against Dart, involving almost identical allegations, and denied the motion finding that the allegations were sufficient. Here is his reasoning:

> Defendants argue that Plaintiff's § 1983 individual capacity claims should be dismissed because the complaint fails to set forth sufficient facts to plausibly support the legal conclusion that Defendant Dart knew of and consciously disregarded Plaintiff's serious medical needs and the systemic conditions that put him at risk in light of those needs. The Court denies Defendants' motion as to the individual capacity claims because Plaintiff alleges sufficient facts to plausibly suggest that (1) Defendant Dart was aware that members of the prison population had serious medical needs that required the use of handicap-accessible facilities, and (2) Dart, in his individual capacity, was deliberately indifferent to the risk posed by those needs. See *Thomas,* 604 F.3d at 301. Specifically, Plaintiff contends that Dart is personally involved in the formulation and implementation of policies at CCJ. He also alleges that Dart learned from the *Phipps* litigation about the need for handicap-accessible toilets in Division 2. Finally, Plaintiff alleges that Dart was deliberately indifferent to the systemic conditions that in part caused Plaintiff's injury – namely, that Dart failed to ensure that handicap-accessible facilities were in working order or were fixed in a timely manner.
>
> As in *Antonelli* and *Sanders,* the Sheriff here was responsible for overseeing the general conditions of confinement at the jail. See *Antonelli,* 81 F.3d at 1428-29; *Sanders,* 198 F.3d at 629. As such, he can be expected [to] have been aware of or to have participated in creating the deleterious conditions that Plaintiff alleges existed in the jail. See *Antonelli,* 81 F.3d at 1428–29; *Sanders,* 198 F.3d at 629. Given that the conditions complained of form part of the basis of Plaintiffs' individual capacity claim against Sheriff Dart, Plaintiffs have sufficiently alleged that Sheriff Dart had subjective knowledge of the risk to detainees' health needs and disregarded that risk.

> See *Antonelli,* 81 F.3d at 1428–29; see also *Thomas,* 604 F.3d at 401. While Plaintiff does not allege that Defendant Dart personally assigned him to the unit where he was injured, such an immediate causal link is not required. See *Gentry v. Duckworth,* 65 F.3d 555, 561 (7th Cir. 1995). Rather, the Seventh Circuit has observed that "if the supervisor personally devised a deliberately indifferent policy that caused a constitutional injury, then individual liability might flow from that act." *Armstrong v. Squadrito,* 152 F.3d 564, 581 (7th Cir. 1998). Plaintiff has alleged that Defendant Dart failed to correct a deliberately indifferent policy – [namely], neglecting maintenance of the handicap-accessible facilities – that caused Plaintiff's constitutional injury. The Court therefore denies Defendants' motion to dismiss Plaintiffs' § 1983 individual capacity claim as to Sheriff Dart.

*Id.* at *3-4. We agree with and adopt this reasoning and find no need to provide further elaboration. Under the facts here, we believe that, rather than granting a motion to dismiss only one of several counts, the more advisable course is to allow discovery to go forward and then resolve this issue on a motion for summary judgment.

For the above reasons, Dart's motion to dismiss plaintiff's amended complaint [Dkt. # 31] is denied. Dart's earlier motion to dismiss the original complaint [Dkt. # 25] is denied as moot.

**ENTER:**

_____
**JOHN A. NORDBERG**
**Senior United States District Court Judge**

**DATED:** March 24, 2014